JOHN M. GENGA (SB# 125522)
DON C. MOODY (SB# 231110)
GENGA & ASSOCIATES, P.C.
15260 Ventura Blvd., Suite 1810
Sherman Oaks, CA 91403
Telephone: (818) 444-4580
Facsimile: (818) 444-4585

Attorneys for Plaintiff
KINARA TRADEMARKS, LLC

FILED
12 MAY 29 PM 3:00
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINARA TRADEMARKS, LLC, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KINNARA DAY SPA AND MASSAGE THERAPY, a business organization of unknown form and origin, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: **CV12-04679 DMG (VBKx)**<br><br>COMPLAINT for:<br>(i) Federal trademark infringement;<br>(ii) Federal false designation of origin/unfair competition, 15 U.S.C. § 1125(a);<br>(iii) Federal trademark dilution, 15 U.S.C. § 1125(c);<br>(iv) State unfair competition, Cal. Bus. & Prof. Code §§ 17200 *et seq.*<br>(v) Passing off;<br>(vi) Common law trademark infringement and unfair competition<br><br>JURY TRIAL DEMANDED |

As and for its complaint against defendant Kinnara Day Spa and Massage Therapy ("Defendant"), plaintiff Kinara Trademarks, LLC ("Plaintiff") hereby alleges as follows:

**PARTIES**

1. Plaintiff is a corporation organized and existing under the laws of the state of California, with its principal place of business in this judicial district.

Plaintiff owns the federally registered "KINARA" trade and service mark as alleged further below.

2. Defendant operates a "day spa" located in Studio City, California, where it has adopted as its own the name "KINNARA," an obvious typographic variation of Plaintiff's "KINARA" mark, highly similar in both sight and in sound. At this time, Plaintiff is unaware of exactly what type of business entity Defendant may be, what jurisdiction it may have been formed under, and who its owner(s) may be. Plaintiff is informed from a representative at the location of Defendant's business that its owner's name is "Joyce." Further, the domain name for Defendant's website, http://www.kinnaradayspa.com, is registered to a "Raya Nanagara," who, according to domain name registration information available on the Internet, also has registered the domain at http://www.joycedayspa.com. Plaintiff reserves the option to amend this complaint in order to add or substitute additional parties if and to the extent it discovers more information about the Defendant and other parties, if any, who may have liability relating to its actions.

3. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive. As such, Plaintiff sues these Defendants by such fictitious names. Plaintiff is informed and believes and on that basis alleges that these as yet unknown Defendants have had some actionable involvement in the acts and occurrences alleged herein, and share some responsibility for the harms suffered and relief sought by Plaintiff. Plaintiff will seek to amend this pleading if and at such time when it ascertains the identities of any parties so fictitiously named.

4. Plaintiff is informed and believes and on that basis alleges that each and every one of the defendants herein, including without limitation DOES 1 through 10, inclusive, is the principal or agent, or has otherwise acted in concert with or under the direction or control of, each of the other defendants. Plaintiff is further informed and believes and on that basis alleges that each and every one of

the defendants herein, including without limitation DOES 1 through 10, inclusive, is the alter ego of each of the other defendants, such that adherence to the fiction of the separate existence of any of them would work unjustly to deprive Plaintiff of the full rights and remedies it otherwise would have had against each defendant. Therefore, the acts of each and every one of the defendants, including without limitation DOES 1 through 10, inclusive, constitute the acts of each and every other defendant, making each liable jointly, severally or otherwise, for all damages and other harm caused to Plaintiff as alleged herein. Accordingly, all references to "Defendant" herein shall be deemed also to include each and every other defendant, including without limitation DOES 1 through 10, inclusive.

## JURISDICTION and VENUE

5. This Court has subject matter jurisdiction over the federal claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over the Defendant in that its principal place of business is located in Los Angeles County, California, where – on information and belief – it has actively solicited and participated in commercial dealings with consumers, thereby purposefully availing itself of the privileges and protections of the state of California.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that Defendant is subject to personal jurisdiction, and therefore "resides," in this judicial district. Venue is also proper in that a substantial part of the events, acts and/or omissions giving rise to the claim occurred in this district.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

8. The term "KINARA" (the "Mark") is and has been a federally registered trade and service mark belonging to Plaintiff since 2006. The Mark, bearing registration number 3162967 with the U.S. Patent and Trademark Office ("USPTO"), is registered in international classes 003 (cosmetics) and 042 (spa

services). Pursuant to a "Notice of Acceptance and Acknowledgement of §§ 8 & 15 Declaration" issued by the USPTO on or about March 22, 2012, the Mark has become incontestable.

9. Various products and services are marketed under the "KINARA" brand in interstate commerce via the Internet, television and other means. Plaintiff has expended substantial amounts of money and resources to actively promote and garner consumer awareness and goodwill for the Mark. By way of example only, Plaintiff's products and services have been endorsed by prominent celebrities, Halle Berry notable among them. Plaintiff has also received extensive media coverage in magazines such as Allure, Harper's Bazaar, OK!, Self, InStyle, People, Us, Elle and Redbook; in local and national newspapers such as the Los Angeles Times and USA Today; and on television programs such as The Today Show. As such, the Mark has gained considerable fame and recognition among consumers, who have come to expect a high level of quality emanating from Plaintiff as the sole source of products and services utilizing the Mark.

10. Defendant utilizes the term "KINNARA" as the name of its "day spa" business, and for and on its website advertising and promoting that business. Plaintiff is informed and believes and on that basis alleges that Defendant adopted the "KINNARA" variation of the Mark long after Plaintiff's rights in and to the Mark had been well established and become well known among consumers. Plaintiff is further informed and believes and on that basis alleges that Defendant likely specifically chose "KINNARA" because of its high degree of similarity to Plaintiff's Mark and its resultant ability to tap the considerable goodwill and brand recognition of the Mark.

11. Plaintiff is informed and believes and on that basis alleges that sometime in November or December of 2011, Defendant used the popular online advertising service known as "Groupon" to market a promotion concerning its "day spa" services via the Internet. Specifically through that promotion, Defendant

-4-

offered consumers were offered a "luxury spa package" purportedly including a body massage, body scrub and facial for $59.00.

12. Plaintiff provides similar body massage, body scrub and facial services, and both Plaintiff and Defendant utilize the same streams of commerce, including the Internet, for marketing purposes. As a result, Defendant's use of the term "KINARRA," including in any advertisements, promotions or other commercial activity, is likely to cause confusion, mistake and/or deception as to the source of origin of Defendant's offerings, in that members of the public are likely to believe that such offerings are provided by, sponsored by, approved by, licensed by, affiliated with or in some other way legitimately connected to the Plaintiff, or that they otherwise stem from the same source.

13. Indeed, shortly after the dissemination of the Groupon promotion, a flood of customers began to contact Plaintiff inquiring about the supposed $59.00 "luxury package." Plaintiff is informed and believes that consumers were actively confused by the similarities in service offerings and spelling of the two names, thinking that it was Plaintiff, not Defendant, that had been promoting that package.

14. Plaintiff contacted both Groupon and the Defendant, demanding that this ad campaign cease immediately. Plaintiff further demanded that Defendant change its name and stop all use of any confusingly similar variations of the "KINARA" Mark. While Groupon responded to Plaintiff's communication, Defendant did not. To ensure that Defendant received notice and was made aware of Plaintiff's claims, a follow-up copy was hand-delivered by courier directly to Defendant's location on December 29, 2011. Plaintiff's counsel also sent a third notice (along with a proposed draft of the instant complaint) by email and courier, advising Defendant that legal action was imminent.

15. Defendant still has yet to respond or communicate with Plaintiff in any manner whatsoever. Plaintiff therefore can only expect that Defendant will

1 continue to promote and use the confusingly similar term "KINNARA" as its brand
2 and company name, in violation of Plaintiff's valuable intellectual property rights.

## FIRST CAUSE OF ACTION

### Federal Trademark Infringement

16. Plaintiff realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 through 15, inclusive, as if fully set forth herein.

17. The acts described above constitute trademark infringement by Defendant in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

18. Plaintiff's federal trademark registration, along with its having been deemed "incontestable," represents conclusive evidence of the Mark's validity, as well as Plaintiff's ownership of and exclusive right to use it, pursuant to Lanham Act Sections 15 and 33, 15 U.S.C. §§ 1065 and 1115.

19. Defendant's wrongful use of the confusingly similar "KINNARA" designation is not only likely to cause — but did in fact actually cause — confusion among consumers as to whether Plaintiff has sponsored or authorized Defendant's services, undermining the origin-identifying function of Plaintiff's Mark. Defendant's actions therefore constitute trademark infringement and violate Section 32 of the Lanham Act, 15 U.S.C. § 1114.

20. As a direct and proximate result of Defendant's wrongful behavior, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its Mark, in an amount to be proven at trial, but in no event less than $100,000.

21. Defendant's infringing conduct likely will continue, rendering the legal remedy of damages inadequate and otherwise requiring a multiplicity of actions to protect Plaintiff's rights, unless enjoined by this Court. Plaintiff is therefore entitled to preliminary and permanent injunctive relief against Defendant, ordering it to refrain from using the term "KINNARA" or any other confusingly similar variation of Plaintiff's Mark, whether online or otherwise, as well as to

1 | delete and/or destroy all pre-existing materials that infringe the Mark, including
2 | without limitation its storefront sign, per Lanham Act Section 36, 15 U.S.C. § 1118.

3 |     22.    The foregoing acts of infringement by Defendant have been and
4 | continue to be willful, deliberate and undertaken with a specific intent to cause
5 | economic and other damage to Plaintiff. As such, this constitutes an "exceptional"
6 | case within the meaning of Lanham Act Section 35(a), 15 U.S.C. § 1117(a),
7 | allowing the Court to treble the amount of damages awarded to Plaintiff, as well as
8 | grant other appropriate remedies available to Plaintiff, including an award of costs
9 | and reasonable attorney's fees.

## SECOND CAUSE OF ACTION

### Federal Unfair Competition and False Designation of Origin

12 |     23.    Plaintiff realleges and incorporates by reference each of the allegations
13 | set forth above in paragraphs 1 through 15, inclusive, as if fully set forth herein.

14 |     24.    The "KINARA" Mark is both highly distinctive and has become
15 | closely associated with Plaintiff in the minds of consumers. It exclusively
16 | identifies Plaintiff's business, products and services.

17 |     25.    Because of the wrongful use of the confusingly similar "KINNARA"
18 | term to describe Defendant's business, consumers are deceptively led to believe
19 | that Defendant's products and/or services originate with or are sponsored or
20 | otherwise approved by Plaintiff. Alternatively, such use may cause patrons to
21 | believe that the Mark is generic, thus destroying the goodwill and value Plaintiff
22 | has built in it. As such, the acts and conduct by Defendant constitute federal unfair
23 | competition and false designation of origin in connection with products and
24 | services distributed in interstate commerce, in violation of Lanham Act Section
25 | 43(a), 15 U.S.C. § 1125(a).

26 |     26.    As a direct and proximate result of Defendant's wrongful behavior,
27 | Plaintiff has suffered and will continue to suffer great damage to its business,

goodwill, reputation, profits and the strength of its Mark, in an amount to be proven at trial, but in no event less than $100,000.

27. Defendant's infringing conduct likely will continue, rendering the legal remedy of damages inadequate and otherwise requiring a multiplicity of actions to protect Plaintiff's rights, unless enjoined by this Court. Plaintiff is therefore entitled to preliminary and permanent injunctive relief against Defendant, ordering it to refrain from using the term "KINNARA" or any other confusingly similar variation of Plaintiff's Mark, whether online or otherwise, as well as to delete and/or destroy all pre-existing materials that infringe the Mark, including without limitation its storefront sign, per Lanham Act Section 36, 15 U.S.C. § 1118.

28. The foregoing acts of infringement by Defendant have been and continue to be willful, deliberate and undertaken with a specific intent to cause economic and other damage to Plaintiff. As such, this constitutes an "exceptional" case within the meaning of Lanham Act Section 35(a), 15 U.S.C. § 1117(a), allowing the Court to treble the amount of damages awarded to Plaintiff, as well as grant other appropriate remedies available to Plaintiff, including an award of costs and reasonable attorney's fees.

### THIRD CAUSE OF ACTION

#### Trademark Dilution

29. Plaintiff realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 through 15, inclusive, as if fully set forth herein.

30. The "KINARA" mark is "famous" within the meaning of 15 U.S.C. § 1125(c). It is therefore entitled to all additional legal protections available to such marks including, without limitation, the ability to prevent the dilution thereof through blurring and/or tarnishment.

31. Plaintiff has no control over the quality of Defendant's business, its advertising and other promotional materials, or its use of the term KINARRA to describe its business. As a result of such unauthorized and infringing use, the

distinctive qualities of Plaintiff's mark have been and will continue to be blurred and/or tarnished.

32. As a direct and proximate result of Defendant's wrongful behavior, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its Mark, in an amount to be proven at trial, but in no event less than $100,000.

33. Defendant's infringing conduct likely will continue, rendering the legal remedy of damages inadequate and otherwise requiring a multiplicity of actions to protect Plaintiff's rights, unless enjoined by this Court. Plaintiff is therefore entitled to preliminary and permanent injunctive relief against Defendant, ordering it to refrain from using the term "KINNARA" or any other confusingly similar variation of Plaintiff's Mark, whether online or otherwise, as well as to delete and/or destroy all pre-existing materials that infringe the Mark, including without limitation its storefront sign, per Lanham Act Section 36, 15 U.S.C. § 1118.

34. The foregoing acts of infringement by Defendant have been and continue to be willful, deliberate and undertaken with a specific intent to cause economic and other damage to Plaintiff. As such, this constitutes an "exceptional" case within the meaning of Lanham Act Section 35(a), 15 U.S.C. § 1117(a), allowing the Court to treble the amount of damages awarded to Plaintiff, as well as grant other appropriate remedies available to Plaintiff, including an award of costs and reasonable attorney's fees.

## FOURTH CAUSE OF ACTION

### Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

35. Plaintiff realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 through 15, inclusive, as if fully set forth herein.

36. Defendant's conduct as described herein constitutes unfair competition under California Business and Professions Code sections 17200 *et seq.*

37. As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and continues to suffer injury, which is both ongoing and irreparable. Pursuant to California Business and Professions Code section 17203, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease this unfair competition, and to disgorgement of all of Defendant's profits associated therewith.

## FIFTH CAUSE OF ACTION

## Common Law Trademark Infringement and Unfair Competition

38. Plaintiff realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 through 15, inclusive, as if fully set forth herein.

39. Plaintiff's "KINARA" Mark is both highly distinctive and exclusively associated in the minds of consumers with Plaintiff's business, products and services. Plaintiff's mark has been extensively marketed and promoted, both in California and throughout the country, giving Plaintiff a substantial amount of goodwill therein.

40. Defendant, by using the confusingly similar term "KINNARA" to identify its business, has effectively misrepresented that its company, products and/or services are those of Plaintiff, or are somehow affiliated or related thereto. Defendant has deliberately and willfully attempted to trade on Plaintiff's long standing and hard-earned goodwill in its Mark and the reputation established in connection with its products and services, as well as to confuse consumers as to the origin and sponsorship of Defendant's company, products and/or services and to pass them off as those of Plaintiff.

41. Defendant's conduct has also deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its company, products and/or services offered under its mark, placing the valuable reputation and goodwill thereof in great jeopardy.

42. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer great damage, in an amount to be proven at trial but in no event less than $100,000. Plaintiff is further entitled to restitution and disgorgement of profits.

43. The above referenced acts have been conducted willfully, deliberately, and with a specific intent to cause economic and other damage to Plaintiff. As such, Defendant's conduct qualifies as fraudulent, oppressive and/or malicious so as to entitle Plaintiff to punitive damages adequate in relation to Defendant's net worth to make an example of and to punish Defendant and to deter such conduct in the future, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Awarding Plaintiff its actual damages in an amount to be proven at trial, but in no event less than $100,000;

2. Trebling Plaintiff's damages pursuant to Lanham Act Section 35(a) [15 U.S.C. § 1117(a)];

3. Awarding Plaintiff all profits obtained by Defendant from its wrongful behavior, including its infringement of the Mark;

4. Awarding Plaintiff interest at the statutory rate on all sums awarded from the date(s) such damages were incurred;

5. Preliminarily and permanently enjoining Defendant, along with its officers, agents, servants, employees, owners and representatives and all other persons, entities, firms or corporations in active concert, participation or privity with it, from:

   a. Using the word "KINNARA," or any other name, mark, logo, domain name, website or commercial identifier that is confusingly similar to Plaintiff's registered "KINARA" Mark, or aiding and abetting or causing others to do the same;

-11-

b. Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or prospective consumers of Plaintiff's products or services as to the source of Defendant's products or services, or which is likely to deceive members of the public or prospective customers into believing that some connection exists between Defendant and Plaintiff, or its respective products and/or services;

c. Committing any acts which will (or are reasonably likely to) tarnish, blur, or dilute the distinctive qualities of Plaintiff's Mark; and

d. Making any representations, express or implied, that Plaintiff is affiliated with, or sponsors or approves of Defendant or its products or services;

6. Ordering Defendant to delete, destroy and/or turn over to Plaintiff all Internet webpages, storefront signs, advertisements, domain names, articles, packages, wrappers, products, displays, labels, vehicle displays, circulars, kits, packaging, letterhead, business cards, promotional items, clothing, literature, sales aids, receptacles, templates or other items in the possession, custody, or under the control of Defendant that bear the word "KINNARA" or any other term, name, logo or commercial identifier that is confusingly similar to or a colorable imitation of Plaintiff's Mark;

7. Directing Defendant to provide an accounting of gross revenues resulting from its unlawful and infringing conduct;

8. Ordering Defendant, pursuant to Lanham Act Section 34 [15 U.S.C. § 1116(a)], to file with this Court and serve upon Plaintiff within thirty (30) days following entry of judgment, a written report, made under oath, describing in detail the extent to which Defendant has complied with the above-referenced requirements;

9. Reimbursing Plaintiff for costs incurred herein, including reasonable attorneys' fees, to the full extent allowable; and

-12-

10. For such other relief as the Court deems just and proper.

DATED: May 25, 2012          GENGA & ASSOCIATES, P.C

By: _____
Don C. Moody
Attorneys for Plaintiff
KINARA TRADEMARKS, LLC

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests trial by jury as to all issues so triable.

DATED: May 25, 2012           GENGA & ASSOCIATES, P.C.

By: _____
Don C. Moody
Attorneys for Plaintiff
KINARA TRADEMARKS, LLC

COMPLAINT FOR TRADEMARK INFRINGEMENT, ETC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

### CV12- 4679 DMG (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
John M. Genga (#125522); Don C. Moody (#231110)
GENGA & ASSOCIATES, P.C.
15260 Ventura Blvd., Suite 1810
Sherman Oaks, CA  91403
Tel: (818) 444-4580; Fax: (818) 444-4585

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINARA TRADEMARKS, LLC, a California corporation,<br><br>PLAINTIFF(S)<br>v.<br><br>KINNARA DAY SPA AND MASSAGE THERAPY, a business organizaton of unknown form and origin, and DOES 1 through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV12-04679 DMG (VBKx)**<br><br>SUMMONS |

TO:   DEFENDANT(S): KINNARA DAY SPA AND MASSAGE THERAPY

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Don C. Moody_____, whose address is _Genga & Associates, P.C., 15260 Ventura Blvd., Suite 1810 Sherman Oaks, CA  91403__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

MAY 29 2012

Clerk, U.S. District Court

**JULIE PRADO**

Dated: _____     By: _____
                                        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                              SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
KINARA TRADEMARKS, LLC

**DEFENDANTS**
KINNARA DAY SPA AND MASSAGE THERAPY

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Don C. Moody (#231110) - GENGA & ASSOCIATES, P.C.
15260 Ventura Blvd., Suite 1810, Sherman Oaks, CA 91403
Tel: (818) 444-4580; Fax: (818) 444-4585

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT: $** $100,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
COMPLAINT FOR TRADEMARK INFRINGEMENT

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **FORFEITURE / PENALTY** | | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**CV12-04679**

FOR OFFICE USE ONLY:   Case Number:
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)         CIVIL COVER SHEET         Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | California |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | California |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | California |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date May 29, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |